**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Green, | No. CV-08-447-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Stephanie Hurst, | |
| Defendant. | |

This action arose from an automobile accident that occurred on April 1, 2006. Brittany Green was a passenger in a vehicle driven by her cousin, Stephanie Hurst. Hurst was driving on a main road when she began to turn right into a residential neighborhood. Realizing that she was on the wrong street, Hurst turned around and began to make a left turn back onto the main road when she collided with another vehicle.

Green filed a complaint asserting a negligence claim against Hurst. Green alleges that as a result of the accident she suffered calf bruises, disc bulges, and neck and back strain creating a partial permanent disability. She further claims that the accident caused her severe emotional distress. She seeks damages for healthcare costs in excess of $12,000 and non-economic damages in the amount of $200,000. Dkt. #2.

Green has filed a motion for summary adjudication of issues. Dkt. #45. The motion has been fully briefed. Dkt. ##53, 55, 57. For reasons that follow, the Court will grant the

1  motion in part and deny it in part.[1]

2  To prevail on her negligence claim, Green must prove four elements: a duty on the part of Hurst to exercise reasonable care, a breach of that duty, a causal connection between Hurst's conduct and the claimed injuries, and actual damages. *See Gipson v. Kasay*, 150 P.3d 228, 230 (Ariz. 2007). The existence of a duty is generally a question of law. *See Ritchie v. Krasner*, --- P.3d ---, 2009 WL 1065195, at *2 (Ariz. Ct. App. Apr. 21, 2009). "The other elements of negligence are factual issues, and are generally within the province of the jury." *Id.*

Green seeks summary judgment on three issues: (1) that Hurst was "negligent" in causing the accident, (2) that the accident caused Green to suffer calf bruises, cervicalgia or cervical strain, thoracic strain, and lumbar strain, all resulting in a 10% partial permanent disability, and (3) that the accident caused Green pain and suffering and emotional distress and will continue to do so for the rest of her life. Dkt. #45. Hurst does not dispute that she breached her duty of reasonable care to Green and is solely at fault for the accident. Dkt. #53 at 2; *see* Dkt. #45-2 at 6-7. The Court will therefore grant summary judgment in Green's favor with respect to the first two elements of her negligence claim: a duty on the part of Hurst to exercise reasonable care and a breach of that duty. *See Gipson*, 150 P.3d at 230. Hurst objects to a finding that she was "negligent" because such a finding includes the additional elements of causation and damages, and Hurst asserts that these issues are disputed and may not be decided on Green's summary judgment motion. Dkt. #53 at 2.

Green has presented evidence that she had no neck or back complaints prior to the accident but now suffers from constant pain (Dkt. #45-7 ¶¶ 4, 8), that she has been treated for neck and back injuries by several doctors beginning on April 6, 2006 (*id.* ¶¶ 6, 9), and that those doctors have opined that her cervicalgia and lumbar and thoracic strains were caused by the April 1, 2006 accident (*id.* ¶¶ 11-12) and have resulted in a 10% permanent

---

[1]Hurst's request for oral argument is denied because it will not aid the Court's decision or result in unfair prejudice to Hurst. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

impairment (*id.* ¶¶ 13-14). Green seeks summary judgment on the ground that given this evidence, she "clearly satisfies the relatively relaxed standards in Arizona for proving the causation of medical conditions" and has "easily carried her burden of proof that her injuries and pain are permanent." Dkt. #45-6 at 5-6 (citations omitted).

Green misunderstands her summary judgment burden. As the party with the burden of proof at trial, Green must establish her negligence claim "beyond controversy" to warrant summary judgment in her favor. *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003); *see Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (to obtain summary judgment the plaintiff must establish "beyond peradventure" all elements of her claim); *Torres Vargas v. Santiago Cummings*, 149 F.3d 29, 35 (1st Cir. 1998) (party with burden of proof cannot obtain summary judgment unless her evidence is "conclusive"). Green's evidence of causation and damages is sufficiently probative to entitle her to a trial on those issues, but she has failed to show that the evidence "affirmatively demonstrate[s] that no reasonable trier of fact could find other than for [her]." *Sorekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

As Hurst correctly notes in her response (Dkt. #53 at 3), the cases Green cites in support of her motion concern the quantum of evidence necessary to sustain a jury verdict. *See* Dkt. #45-6 at 5-6. Specifically, the cases stand for the general rules that a finding of causation will be sustained on appeal where there is "medical evidence of the possibility of the existence of the causal relationship together with other evidence or circumstances indicating such relationship," *Ideal Food Products Co. v. Rupe*, 261 P.2d 992, 994 (Ariz. 1953), and that the permanency of an injury need not be proven by medical testimony where there is other "evidence or testimony from which it may be inferred that the injury is in fact permanent[,]" *City of Phoenix v. Mullen*, 174 P.2d 422, 425 (Ariz. 1946).[2] Green cites no

---

[2] *See also Hirsh v. Manley*, 300 P.2d 588 (1956); *Coca-Cola Bottling Co. of Tucson v. Fitzgerald*, 413 P.2d 869 (Ariz. Ct. App. 1966); *Patania v. Silverstone*, 424 P.2d 139 (Ariz. Ct. App. 1966); *Montague v. Deagle*, 462 P.2d 403 (Ariz. Ct. App. 1969); *Kreisman v. Thomas*, 469 P.2d 107 (Ariz. Ct. App. 1970).

case in which the plaintiff obtained summary judgment on the issues of causation and damages.

Green contends that she is entitled to summary judgment because Hurst has produced no affirmative evidence on causation or the permanency of Green's injuries. Dkt. ##45-6 at 6, 55 at 1. But Green has the burden of proof on these issues, and Hurst has identified numerous factual issues from the record that she will assert at trial to show that Green cannot carry her burden of proof. Dkt. #53. These factual issues present jury questions.

Whether an accident is "the proximate cause of the injury or damages is, generally, a question for the jury." *Smith v. Chapman*, 564 P.2d 900, 903 (Ariz. 1977) (en banc). Similarly, the "nature, severity and extent of [one's] injuries and whether they are supported by medical or other expert witnesses is a question for the trier of fact." *Ball v. Prentice*, 781 P.2d 628, 630 (Ariz. Ct. App. 1989); *see generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge[.]"). Green has failed to show that her evidence on the issues of causation and damages is so convincing that no reasonable trier of fact could find other than for her. The Court will therefore deny her motion for summary adjudication of those issues. *See James*, 2008 WL 686402, at *2.

Hurst requests in her response that summary judgment be entered in her favor on Green's emotional distress claim based on Green's failure to support that claim with some evidence. Dkt. #53 at 5. Because Hurst did not file a motion for summary judgment on this issue, the Court will not grant summary judgment in her favor.

**IT IS ORDERED:**

1. Plaintiff's motion for summary adjudication of issues (Dkt. #45) is **granted in part** and **denied in part**. The motion is granted with respect to the first two elements of her negligence claim: a duty on the part of Defendant to exercise reasonable care and a breach of that duty. The motion is denied with respect to the elements of causation and damages.

2. The Court will set a final pretrial conference by separate order.

DATED this 6th day of July, 2009.

_____
David G. Campbell
United States District Judge